Herschel E. CRUTCHFIELD, Appellant,

v.

STATE of Alaska, Appellee.

No. 4474.

Supreme Court of Alaska.

Nov. 7, 1980.

George Blair McCune, Cowper & Madson, Fairbanks, for appellant.

Randy M. Olsen, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and COMPTON, Superior Court Judge.

1. AS 28.35.030(a) provides:
   A person who, while under the influence of intoxicating liquor, depressant, hallucinogenic or stimulant drugs or narcotic drugs as defined in AS 17.10.230(13) and AS 17.12.-150(3) operates or drives an automobile, motorcycle or other motor vehicle in the state, upon conviction, is punishable by a fine of not more than $1,000, or by imprisonment for not more than one year, or by both and the court shall impose a minimum sentence of imprisonment of not less than three consecutive days. Upon a subsequent conviction within five years after a conviction under this section, the court shall impose a minimum sentence of imprisonment of not less than 10 consecutive days. The execution of sentence may not be suspended nor may probation or parole be granted until the minimum imprisonment provided in this section has been served, nor may imposition of sentence be suspended, except upon the condition that the defendant be imprisoned for no less than the minimum period provided in this section, nor may the punishment provided for in this section be reduced under AS 11.05.150. In addition, his operator's license shall be revoked in accordance with AS 28.15.210(c). In addition, a person convicted under this statute shall undertake, for a term specified by the court, that program of alcohol education or rehabilitation which the court, after consideration of any information compiled under (b) of this section, finds appropriate.

2. Crutchfield's conviction was based on the definition of depressant, stimulant or hallucino-

## OPINION

BURKE, Justice.

Herschel Crutchfield appeals his conviction under AS 28.35.030(a)[1] which prohibits the operation of a motor vehicle while under the influence of alcohol and/or depressant, hallucinogenic, stimulant or narcotic drugs as defined in AS 17.10.230(13) and AS 17.12.150(3).[2]

On January 26, 1978, Crutchfield was arrested in Fairbanks after a Fairbanks police officer observed Crutchfield's vehicle travelling north in the southbound lane of the Old Steese Highway. At trial, the state presented evidence that Crutchfield was under the influence of alcohol and the drug tranxene.[3] Tranxene has not been specifically designated, by regulation, as a drug, the use of which while driving carries criminal sanctions. Its prohibited character was established under 7 AAC 32.010(b). That regulation states:

genic drugs contained in AS 17.12.150. AS 17.12.150(3) provides:
   "depressant, hallucinogenic or stimulant drug" means:
   (A) cannabis, psilocybin, dimethyltryptamine, lysergic acid diethylamide, and every other substance having similar physiological effects;
   (B) a drug which contains barbituric acid or any of the salts of barbituric acid; or a derivative of barbituric acid which has been designated by the commissioner under § 40 of this chapter as habit forming or dangerous;
   (C) a drug which contains amphetamine or any of its optical isomers; or a substance which has been designated by the commissioner as habit forming or dangerous because of its stimulant effect on the central nervous system; or
   *(D) a drug which contains any quantity of a substance which the commissioner, after investigation, has found to have, and by regulation designates as having, a potential for abuse because of its depressant or stimulant effect on the central nervous system or its hallucinogenic effect*; [Emphasis added.]

3. Evidence was also admitted that Crutchfield had ingested one tablet of inderol, which reduces blood pressure and slows the activity of the heart. The state, however, did not contend that driving under the influence of this drug is illegal.

[a]ny combination of depressant, stimulant, or hallucinogenic drugs, not listed by name or trade name in this chapter, that is of a composition substantially similar to any of the drugs or substances listed in this chapter is also subject to AS 17.12 unless it contains another substance or is otherwise compounded in a manner that prevents the prohibited substance from being ingested or absorbed in amounts or concentration that would be habit forming, dangerous, or have a potential for abuse.

The state presented expert testimony to establish that tranxene is of substantially similar composition to valium, a listed drug.[4]

Q. How is tranxene classified as a drug?

A. Well, it's a relatively new drug. It's in a field of benzodiazepine. It's one of the group of drugs called benzodiazepine.

Q. Are you familiar with the drug valium?

A. Yes I am.

Q. How is valium classified?

A. It's also a benzodiazepine.

Q. Is the composition of tranxene substantially similar to valium?

A. Yes it is. They are the same, they are different, I mean, let me change that a little bit. They are both in the same family of drugs, and have very similar actions. They differ slightly in their chemical structure and as such, tranxene has slightly different pharmacological effects, but as in, but they are both similar.

Q. If I can understand it, if tranxene wasn't different from valium, we wouldn't need to invent tranxene. But is it substantially the same composition?

A. Yes it is.

4. 7 AAC 32.030(b)(15) specifically prohibits: "Diazepam, dispensed under the following trade or proprietary name: Valium."

5. Due to our determination of the constitutional issue, it is unnecessary to examine Crutchfield's additional arguments on appeal.

The central issue raised by this appeal is whether 7 AAC 32.010(b), which provides for criminal sanctions on the use of unlisted drugs based upon their similarity of composition to listed drugs, is unconstitutionally vague.[5] Crutchfield contends that by failing to provide notice of what conduct is prohibited, the regulation violates his constitutional right to due process.

We must first determine, however, whether we should consider this issue on appeal since, as the state points out, the alleged constitutional error was not raised at trial.[6] It is well settled that Alaska Criminal Rule 47(b)[7] allows this court to "consider questions raised for the first time on appeal if necessary to effect substantial justice or prevent the denial of fundamental rights." *Hammonds v. State*, 442 P.2d 39, 43 (Alaska 1968). But, an alleged error is reviewable as plain error only if it raises a substantial and important question and is obviously prejudicial. *Randall v. State*, 583 P.2d 196, 200 (Alaska 1978). Furthermore, in *Gilbert v. State*, 598 P.2d 87, 92 (Alaska 1979), we emphasized that the requirement of obvious prejudice, *i. e.*, that the alleged defect be readily apparent, applies not just to non-constitutional issues but to those of constitutional dimension as well.

On two occasions prior to *Gilbert*, this court has examined an appellant's claim that the statute under which he was indicted was unconstitutional in spite of the failure of the appellant to object to the indictment. *Harris v. State*, 457 P.2d 638 (Alaska 1969); *Tarnef v. State*, 512 P.2d 923 (Alaska 1973). We stated: "[I]f the statute under which appellant was indicted is unconstitutional, it follows that the indictment and judgment of conviction would be vitiated and we should reverse under the plain error rule." *Harris v. State*, 457 P.2d at 640

6. This issue was first raised on appeal to the superior court.

7. Section (b) of Rule 47, Alaska R.Crim.P., provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

(footnote omitted), *quoted in Tarnef v. State*, 512 P.2d at 928.

Although neither *Harris* nor *Tarnef* made reference to the requirements outlined in *Randall* a statute which is subject to constitutional attack on its face implicitly meets those requirements.

Crutchfield's attack, in this case, is upon the constitutionality of an administrative regulation, not a statute. The United States Supreme Court has determined, however, that the same strict rules of construction which apply to statutes defining criminal action must also be applied to such regulations. *M. Kraus & Bros., Inc. v. United States*, 327 U.S. 614, 621, 66 S.Ct. 705, 707, 90 L.Ed. 894, 898 (1946). Since the regulations issued by the commissioner defined the scope of behavior prohibited by AS 28.35.030, they are subject to the same review as the statute itself. The purpose of the plain error doctrine is " 'to mitigate . . . the harsh effects of a rigid application of the adversary method of trial, whereby the attorney's conduct binds his client.' " *Bargas v. State*, 489 P.2d 130, 133 (Alaska 1971), *quoting* 8B Moore's Federal Practice ¶ 52.02[2], at 52–54 (2d ed. 1970). The achievement of this purpose requires that regulations, such as 7 AAC 32.010(b), which define criminal conduct be reviewed on the same basis as statutes which sanction criminal conduct.

If the regulation is unconstitutional, Crutchfield's conviction, to the extent that it is based on the regulation, constitutes plain error under Alaska Criminal Rule 47(b). We shall therefore consider the issue, although it was not brought to the attention of the trial court.

"[T]he core content of procedural due process placed upon government the duty to give notice . . . to individuals . . . whose interests in life, liberty or property are adversely affected by government action." Tribe, American Constitutional Law § 10–8, at 512 (footnotes omitted) (1978). Crutchfield argues that 7 AAC 32.010(b) is void for vagueness, in violation of due process, as it fails to provide notice of what constitutes prohibited conduct. The United States Supreme Court has defined a criminal statute which violates the constitutional requirement of definiteness as one which "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *United States v. Harriss*, 347 U.S. 612, 618, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996 (1954). As discussed above, that Court has also determined that this same rule of construction must be applied to regulations which relate to criminal conduct. *M. Kraus & Bros., Inc. v. United States*, 327 U.S. at 621, 66 S.Ct. 707, 90 L.Ed. at 898.

Crutchfield's argument speaks to one of the three considerations [8] which we have set forth as relevant to a determination of whether a statute is void for vagueness.[9] As noted in *State v. Erickson*,

[t]he notice requirement embodies notions of fundamental fairness. Long ago, the United States Supreme Court said that:

a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law.

*Connally v. General Constr. Co.*, 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926).

*Id.*, 574 P.2d 1, 20 n.125.

The statute under which Crutchfield was convicted proscribes the operation of a motor vehicle while under the influence of

---

8. The remaining two considerations are first, whether the statute is so broad that it may restrict the exercise of first amendment rights and second, whether the statute is drawn so imprecisely that it creates a danger of arbitrary enforcement. *State v. Erickson*, 574 P.2d 1, 20 (Alaska 1978), *quoting, Larson v. State*, 564 P.2d 365, 371–72 (Alaska 1977).

9. *See also Anderson v. State*, 562 P.2d 351, 355–58 (Alaska 1977); *State v. Marathon Oil Co.*, 528 P.2d 293, 297 (Alaska 1974); *Stock v. State*, 526 P.2d 3, 7–8 (Alaska 1974); *Marks v. City of Anchorage*, 500 P.2d 644, 646 (Alaska 1972); *Harris v. State*, 457 P.2d 638, 640–41 (Alaska 1969).

depressant, hallucinogenic or stimulant drugs as defined in AS 17.12.150(3). The latter statute requires that a drug, to be prohibited, must be investigated and designated by regulation as having a potential for abuse. The statutory provision which authorizes the commissioner to promulgate regulations, AS 17.12.040(b),[10] refers to drugs which are "habit forming" or "dangerous" or have a "depressant or stimulant ... or hallucinogenic effect." In contrast to the language of these statutes, 7 AAC 32.010(b) proscribes drugs which are "of composition substantially similar" to that of listed drugs.

In a case involving the possession of a drug in violation of AS 17.10.010,[11] this court expressed doubts as to the constitutionality of a statute which included in its definition of narcotic drugs, "and every other substance having similar physiological effects."[12] *Casey v. State*, 509 P.2d 285, 286 n.2 (Alaska 1973). We referred to these doubts in a subsequent case involving the regulation now at issue. *State v. Erickson*, 574 P.2d 1, 20 (Alaska 1978). We noted in *Erickson* that the phrase "of composition substantially similar" is even broader than that noted in *Casey*. *State v. Erickson*, 574 P.2d at 20. Although we did not reach the constitutional issue in *Erickson* or *Casey*, we held that an indictment for possession or sale of the drug in question, cocaine, would

be impermissible under AS 17.12 unless designated by name under the regulations authorized by that statute. *State v. Erickson*, 574 P.2d at 20. We stated, "[l]ike a court, most people are not familiar with scientific technology and molecular chemistry.... We thus have grave doubts as to the authority of the commissioner to proscribe drugs based on their similarity of composition to named drugs." *Id.* at 21.

The drug tranxene was given to Crutchfield by his physician. He had no notice that it was a drug whose use while driving was prohibited under AS 28.35.030.[13] Moreover, he had no way of discovering the prohibited character of the drug until expert testimony at trial indicated that it had a composition similar to valium, a drug specifically prohibited by regulation. Under these circumstances, it appears that Crutchfield could not reasonably understand that his contemplated conduct was prohibited.

We pointed out in *Larson v. State*, 564 P.2d 365, 372 (Alaska 1977), that a statute which fails to give adequate notice of every type of conduct which is prohibited may still be sustained (1) if the offense charged falls squarely within its prohibitions and (2) if a construction may be placed upon the statute so that its reach may be reasonably understood in the future. Neither of these conditions can be applied to sustain 7 AAC

---

**10.** AS 17.12.040(b) provides:

> The commissioner shall, by regulation, promulgate a list of drugs which contain barbituric acid or a quantity of any other substance which is habit forming, dangerous, or has a potential for abuse because of its depressant or stimulant effect on the central nervous system or because of its hallucinogenic effect.

We note that this statute does not provide that depressant, hallucinogenic, or stimulant drugs listed as dangerous under federal law shall be taken to be included by reference in the Commissioner's list, although there are indications elsewhere in Chapter 12 that this may have been intended by the legislature. Thus, the last sentence of AS 17.12.040(c) provides:

> However, no depressant, hallucinogenic, or stimulant drug listed as dangerous by the Secretary of Health and Welfare of the United States whether defined by statute or regulation, may be exempted by state regulations.

See also AS 17.12.090. The legislature may wish to review Chapter 12 in light of this.

**11.** AS 17.10.010 provides:

> *Acts prohibited.* It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, or compound any narcotic drug except as authorized in this chapter.

**12.** AS 17.10.230(13) provides: " 'narcotic drugs' means coca leaves, opium, isonipecaine, amidone, isoamidone, ketobemidone, and every other substance having similar physiological effects."

**13.** There was no warning on the drug itself which might indicate that driving while under its influence was even dangerous, let alone illegal. The only warning given to Crutchfield by his physician was not to fly while taking the drug.

32.010(b). Driving under the influence of tranxene clearly does not fall squarely within the prohibition of the statute and the regulations to which it refers. Nor can this court place a construction upon the regulation which will cure its fundamental defect. The determination of what drugs are prohibited must always depend upon the chemical analysis and comparison of unlisted and listed drugs by experts at trial.

■ Crutchfield was convicted by application of 7 AAC 32.010(b), for conduct which he did not know, and could not know, was prohibited. The attachment of criminal responsibility to such conduct is prohibited by the constitutional requirement of notice and the regulation must fail for indefiniteness. *United States v. National Dairy Products Corp.*, 372 U.S. 29, 32–33, 83 S.Ct. 594, 597–598, 9 L.Ed.2d 561, 565 (1963).

Since the jury verdict found Crutchfield guilty of driving under the influence of alcohol and/or stimulant, depressant or hallucinogenic drugs, it is impossible to determine whether the decision was based on evidence of impairment by alcohol, tranxene or both.

The judgment of the superior court is REVERSED and the case is REMANDED for a new trial limited to the issue of driving under the influence of alcohol.