Terry WILLIFORD, Appellant,

v.

STATE of Alaska, Appellee.

No. 5986.

Supreme Court of Alaska.

Nov. 10, 1983.

William Bixby, Kevin F. McCoy, Asst. Public Defenders, Kenai, Dana Fabe, Public Defender, Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and DIMOND, Senior Justice.*

OPINION

COMPTON, Justice.

Terry Williford was convicted of operating a motor vehicle while intoxicated. AS 28.35.030(a).[1] Her conviction was affirmed by the court of appeals in *Williford v. State,* 653 P.2d 339 (Alaska App.1982). We granted Williford's petition for hearing to review her assertion that AS 28.35.030(a)(3) violates the due process clauses of the United States and Alaska Constitutions because it fails to give adequate notice of the conduct that is prohibited.

AS 28.35.030(a)(3) proscribes driving "while . . . under the combined influence of intoxicating liquor and another substance." The evidence at trial indicated that, before driving, Williford had consumed an alcoholic beverage, Septra DS, and possibly Tylenol 3. Williford contends that AS 28.35.-030(a)(3) is void for vagueness because the words "combined influence" and "another substance" fail to provide notice of what constitutes prohibited conduct as required by the due process clauses of the United States and Alaska Constitutions.[2]

In *State v. Erickson,* 574 P.2d 1 (Alaska 1978), we stated:

The notice requirement embodies notions of fundamental fairness. Long ago, the United States Supreme Court stated that: "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."

574 P.2d at 20 n. 125 (quoting *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926)). Two dangers of vague laws were noted in *Grayned v. City of Rockford,* 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972):

First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

408 U.S. at 108–09, 92 S.Ct. at 2298–99, 33 L.Ed.2d at 227–28 (footnotes omitted).

---

* Dimond, Senior Justice, sitting by assignment made pursuant to article IV, section 11, of the Constitution of Alaska.

1. Prior to 1982, AS 28.35.030(a) read as follows:

    *Driving while intoxicated.* (a) a person commits the crime of driving while intoxicated if he operates or drives a motor vehicle

    (1) while under the influence of intoxicating liquor, depressant, hallucinogenic, stimulant or narcotic drugs as defined in AS 17.10.-230(13) and AS 17.12.150(3);

    (2) when there is 0.10 percent or more by weight of alcohol in his blood or 100 milligrams or more of alcohol per 100 milliliters of his blood, or when there is 0.10 grams or more of alcohol per 210 liters of his breath; or

    (3) while he is under the combined influence of intoxicating liquor and another substance.

    Ch. 129, § 10, SLA 1980.

    In 1982, the legislature amended the first sentence of AS 28.35.030(a) by adding "or operates an aircraft or a watercraft." Ch. 117, § 13, SLA 1982. It also amended subsection (a)(1), effective January 1, 1983, to read: "(1) while under the influence of intoxicating liquor, or any controlled substance listed in AS 11.71.-140–11.71.190." Ch. 45, § 21, SLA 1982.

2. U.S. Const. amend. XIV, § 1, provides in part that no state shall "deprive any person of life, liberty, or property, without due process of law." Alaska Const. art. I, § 7, provides in part: "No person shall be deprived of life, liberty, or property, without due process of law."

The court of appeals held that the phrases "combined influence" and "another substance" provide adequate notice of the prohibited conduct. We agree that the meaning of "combined influence" is clear. If the statute prohibited driving while under the combined influence of alcohol and Tylenol 3, for example, it would mean that Tylenol 3 must be a contributing factor in causing intoxication.[3] We disagree, however, with the court of appeals' conclusion that "another substance" is not unconstitutionally vague.

In rejecting Williford's argument that "another substance" is unconstitutionally vague, the court of appeals substituted the word "drug" for "substance": "Although the outer limits of the statute might not be entirely clear, it was designed to prevent a person from driving while intoxicated when she has knowingly consumed alcohol and a *drug.* The statute certainly gives adequate notice of that intention." 653 P.2d at 341 (emphasis added). "Substance" is not defined under the driving while intoxicated laws. The dictionary defines "substance" in part as "the physical matter of which a thing consists; ... matter of a particular kind or chemical composition." Webster's New World Dictionary 1420 (2d college ed. 1980). "Drug" is defined in part as "any substance used as a medicine or as any ingredient in a medicine." *Id.* at 429. Thus, "substance" is not synonymous with "drug," but is a much broader term, encompassing all matter, not just medicinal substances. We believe that the term is vague because a person is given no notice as to what substances, when used in combination with alcohol, are prohibited. In this sense, the prohibition of driving while under the combined influence of alcohol and another substance "forbids ... the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning." *Connally v. General Construction Co.,* 269 U.S. at 391, 70 L.Ed. at 328.

The state cites cases from other jurisdictions that have rejected challenges to drunk driving statutes on void for vagueness grounds. *See Byrd v. Municipal Court,* 178 Cal.Rptr. 480 (Cal.App.1981); *Parr v. State,* 575 S.W.2d 522 (Tex.Crim.App.1978). These cases are inapposite because the statutes at issue focus on how substances affect a drivers' ability, rather than on what substances a driver has consumed. For example, California Vehicle Code section 312 provides:

> The term "drug" means any substance or combination of substances, other than alcohol, which could so effect the nervous system, brain, or muscles of a person as to *impair,* to an appreciable degree, *his ability to drive a vehicle* in the manner that an ordinarily prudent and cautious man, in full possession of his faculties, using reasonable care, would drive a similar vehicle under like conditions. [Emphasis added.]

The Uniform Vehicle Code prohibits a person from driving while "under the combined influence of alcohol and any drug or drugs to a degree which renders him incapable of safely driving." National Commission on Uniform Traffic Laws and Ordinances, Uniform Vehicle Code: Rules of the Road with Statutory Annotations 54 (1979 Supp.). In contrast to these provisions, AS 28.35.030(a) does not focus on driving impairment; instead, it lists what intoxicants or quantum of alcohol are prohibited. *Cf.* AS 28.35.040; AS 28.35.045 (reckless or negligent driving forbidden, regardless of what might have caused such driving). AS 28.35.030(a)(1) forbids driving "while under the influence of intoxicating liquor, or any controlled substance listed in 11.71.140–11.71.190." AS 28.35.030(a)(2) forbids driving "when there is 0.10 percent or more by weight of alcohol in [the driver's] blood or 100 milligrams or more of alcohol per 100 milliliters of his blood, or when there is 0.10 grams or more of alcohol per 210 liters of his breath." While these provisions give ample notice of what specific substances a driver should avoid, the vague designation of "the combined influence of intoxicating liquor and

---

**3.** If alcohol were the sole cause of intoxication, a person could be found guilty under AS 28.35.-030(a)(1), which simply prohibits driving while under the influence of intoxicating liquor.

another substance" in AS 28.35.030(a)(3) offers no such notice. We therefore conclude that AS 28.35.030(a)(3) is unconstitutionally vague.

■ AS 28.35.030(a)(3) may nevertheless "be sustained (1) if the offense charged falls squarely within its prohibitions and (2) if a construction may be placed upon the statute so that its reach may be reasonably understood in the future." *Crutchfield v. State,* 627 P.2d 196, 200 (Alaska 1980). The state posits that AS 28.35.030(a)(1) is broad enough to encompass AS 28.35.030(a)(3), thereby suggesting that subsection (a)(3) is superfluous. It is true that a person under the influence of alcohol and another substance could be convicted under subsection (a)(1), at least if the liquor were a contributing factor of the intoxication. *See State v. West,* 416 A.2d 5, 9 (Me.1980). We must presume, however, that by enacting subsection (a)(3), the legislature intended to prohibit conduct other than that described in subsection (a)(1). "It is a basic principle of statutory interpretation that, when possible, effect should be given to all provisions of a statute so that no part of the statute is superfluous." *Libby v. City of Dillingham,* 612 P.2d 33, 39 (Alaska 1980). *See also Isakson v. Rickey,* 550 P.2d 359, 364 (Alaska 1976); 2A C. Sands, Sutherland Statutory Construction § 46.06 (4th rev. ed. 1975). Therefore, the prohibition on driving while under the "combined influence of intoxicating liquor and another substance" must be read as an integral part of the statute, which attempts to proscribe a distinct activity. The statute, however, is so vague that it fails to proscribe an activity apart from subsection (a)(1), and it cannot be given any

construction that would correct this failure. Accordingly, "[t]he attachment of criminal responsibility to [the conduct proscribed by AS 28.35.030(a)(3) ] is prohibited by the constitutional requirement of notice and the [subsection] must fail for indefiniteness." *Crutchfield,* 627 P.2d at 201.

■ The jury was instructed that Williford could be found guilty of operating a motor vehicle while either "under the influence of intoxicating liquor," AS 28.35.-030(a)(1), or "under the combined influence of intoxicating liquor and another substance." AS 28.35.030(a)(3). It cannot be ascertained under which subsection of AS 28.35.030 Williford was convicted;[4] therefore, the case must be remanded for a new trial to determine whether Williford is guilty of driving while intoxicated under AS 28.35.030(a)(1).

REVERSED and REMANDED.

BURKE, Chief Justice, with whom MATTHEWS, Justice, joins, dissenting.

I respectfully disagree with the court's conclusion that AS 28.35.030(a)(3) is void for vagueness.

Implicit in the concept of driving while intoxicated is the requirement that one's ability to operate a motor vehicle be impaired to some degree. I would read AS 28.35.030(a)(3) as requiring that alcohol, *in all cases,* be a substantial contributing factor to the defendant's condition. So read, the statute passes constitutional muster since "(1) . . . the offense charged falls squarely within its prohibitions and (2) . . . its reach may be reasonably understood in

4. Instruction No. 5 reads:

In order for the defendant to be found guilty of the charge, the state must have proven beyond a reasonable doubt that:
1. The defendant was operating or driving a motor vehicle in the State of Alaska at the time and place charged, and
2. The defendant was under the influence of intoxicating liquor while operating or driving the motor vehicle . . . or
3. The defendant was under the combined influence of intoxicating liquor and another substance while operating or driving the motor vehicle.

If you find from your consideration of all the evidence that each of these propositions has been proven beyond a reasonable doubt, you must find the defendant guilty.
If you find from your consideration of all the evidence that any of these propositions has not been proven beyond a reasonable doubt, you must find the defendant not guilty.
The state asserts that Williford was convicted under AS 28.35.030(a)(3). Not only does this assertion not help the state's case, but it also is unsupported by the record.

the future." *Crutchfield v. State,* 627 P.2d 196, 200 (Alaska 1980).

The case at bar is clearly distinguishable from *Crutchfield.* There the statute in question prohibited the operation of a motor vehicle "while under the influence of intoxicating liquor, depressant, hallucinogenic *or* stimulant drugs, *or* narcotic drugs." 627 P.2d at 197 (emphasis added). Also, "[s]ince the jury ... found Crutchfield guilty of driving under the influence of alcohol and/or stimulant, depressant or hallucinogenic drugs, it [was] impossible to determine whether the decision was based on evidence of impairment by alcohol, [a drug] or both." 627 P.2d at 201. Thus, our holding in *Crutchfield* provides no support for the result reached here.[1]

---

1.  Williford may be entitled to a reversal if the court's instructions failed to adequately inform the jury that alcohol had to be a substantial contributing factor to her condition. That question, however, is not addressed by the majority opinion, and I see no reason to comment on it separately.