STATE of Alaska, Appellant,

v.

David B. LAWLER, Appellee.

No. A–5728.

Court of Appeals of Alaska.

June 21, 1996.

Stephen R. West, Assistant District Attorney, Ben M. Herren, District Attorney, Ketchikan, and Bruce M. Botelho, Attorney General, Juneau, for Appellant.

C. Keith Stump, Ketchikan, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

BRYNER, Chief Judge.

The state cited David B. Lawler for fishing with an undersized gillnet, in violation of 5 AAC 27.131(f). District Court Judge George L. Gucker dismissed the case, ruling that the former regulation defining the "stretched measure" method of determining net mesh size violated Lawler's right to due process. The state appeals, and we reverse.

The facts are undisputed. Lawler was fishing commercially for herring in the area where gillnets with a mesh size of less than two and one-fourth inches were prohibited under 5 AAC 27.131(f). Troopers measured Lawler's net after he pulled it from the water, found it to be under the minimum size, and cited him for fishing with an undersized gillnet.

Prior to trial, Lawler moved to dismiss the charge, arguing that the regulations governing measurement of minimum net mesh size were unconstitutionally vague. Under 5 AAC 39.105(c), the term "mesh size" refers to "stretched measure." "Stretched measure" is, in turn, defined in 5 AAC 39.975(11); at the time of Lawler's charge, this regulation provided:

> "stretched measure" means the average length of any series of 10 consecutive meshes measured from inside the first knot and including the last knot *when wet after use;* the 10 meshes, when being mea-

sured, shall be an integral part of the net, as hung, and measured perpendicular to the selvages; measurements shall be made by means of a metal tape measure while the 10 meshes being measured are suspended vertically from a single peg or nail, under five-pound weight, except as otherwise provided in this title.

(Emphasis added.) [1]

In moving to dismiss his charge as vague, Lawler did not deny that his net, as measured after fishing, was under the minimum size. Rather, Lawler maintained that, by defining "stretched measure" in terms of a net's mesh size "when wet after use," 5 AAC 39.975(11) left him only one way to accurately determine if his net was legal: by actually fishing with it and thereby incurring the risk of committing a violation. To support this argument, Lawler informed the court that two days before his citation was issued—when his net was still new—an Alaska State Trooper had checked the net for mesh size and had found it legal. Lawler maintained that, before fishing with the net, he could not have predicted that its mesh would be under the minimum size "when wet after use."

Judge Gucker found Lawler's argument persuasive and dismissed his case:

> This court fails to see how a regulation, such as the one at hand, that cannot logically be complied with by the scrupulous could be rationally related to a legitimate governmental end. For a law to have its desired effect it must be complied with by citizens. This one cannot. The state has been unable to explain how a fisherman could conceivably obtain the measurement required by [former] 5 AAC 39.975(11) without placing himself in peril of violation, and the herring resource in peril of overfishing by use of undersize nets. No rational regulation *requires* a fisherman to "use" a gillnet prior to determining whether it is legal or not. Not even the scrupulous could comply with the regulation, and thus no rational relationship can be said to exist between this regulation and the management of the herring population.

The state then appealed.

A criminal statute is unconstitutional when it is "so vague that men of common

---

**1.** Effective June 2, 1995, the words "after use" were deleted from 5 AAC 39.975(11).

intelligence must necessarily guess at its meaning and differ as to its application." *Fishing Vessel American Eagle v. State*, 620 P.2d 657, 665 (Alaska 1980). The challenged definition of "stretched measure" plainly establishes a precise and accurate method for determining if a net meets the minimum mesh size limit once it is "wet after use." Lawler nevertheless argues that, because the definition of "stretched measure" requires measurement of a net "when wet after use," there is no accurate way to determine if a net will meet the minimum mesh size criteria without actually using the net for fishing. While essentially conceding that the definition of "stretched measure" is sufficiently precise after the fact, Lawler insists that it suffers from pre-violation vagueness: that it fails to provide advance notice of the conduct it prohibits.

A threshold problem with this argument is its tacit assumption that the state was constitutionally required to give Lawler an error-free and mathematically precise way to determine his net's mesh size before he undertook any commercial fishing activity. The validity of this assumption is not self-evident.

In numerous situations, the law permits criminal sanctions to be imposed against persons who act without certain knowledge of the precise nature or consequences of their conduct. For example, a person who recklessly causes physical injury to another may be found guilty of assault, even though the assailant did not know—and could not have predicted with certainty—that the injurious conduct would actually result in harm to the victim. *See, e.g.*, AS 11.41.230(a)(2).

■ Similarly, a motorist may be convicted of DWI for driving with a blood-alcohol level in excess of a specific limit, even though no precise method of determining blood-alcohol content is readily available to the driver until the post-arrest breath test is administered. *Williford v. State*, 653 P.2d 339, 342 (Alaska App.1982), *rev'd on other grounds*, 674 P.2d 1329 (Alaska 1983); *see, e.g., Van Brunt v. State*, 646 P.2d 872, 873 (Alaska

App.1982); *Morgan v. Municipality of Anchorage*, 643 P.2d 691, 692 (Alaska App.1982); *see also State v. Miller*, 309 Or. 362, 788 P.2d 974, 977 (1990) ("One who drives after drinking ... takes the risk that [one's blood-alcohol level] violates the statute.").

In the present case, Lawler participated in a licensed and heavily regulated commercial activity. The regulations he allegedly violated specifically dealt with that activity. As we recently pointed out in *State v. Martushev*, 846 P.2d 144, 150 (Alaska App.1993):

> At least two factors diminish the need for concern with optimal clarity under these circumstances. First, given the commercial and closely regulated nature of the activity that the challenged emergency order deals with—commercial fishing—participants in the activity can properly be held to a higher standard of compliance than might be appropriate for ordinary citizens. Second, the very act of taking advantage of permission—limited in time and place—to engage in otherwise forbidden activity carries with it a commensurate duty to make reasonable efforts to determine the effective scope of the permission.[2]

Furthermore, Lawler was charged with a violation under a strict liability statute. *See* AS 16.05.722. Because the strict liability provision subjected Lawler only to non-criminal sanctions and, by definition, applied regardless of his culpable mental state, the need to provide him a precise means of predicting the lawfulness of his conduct was significantly diminished.

But even assuming that the state had a constitutional duty to provide Lawler a precise means to determine in advance the lawfulness of his net's mesh size, Lawler's claim of vagueness would not succeed. The definition of "stretched measure" set forth in 5 AAC 39.975(11) suffers from no glaring deficiency: except perhaps to the most hypertechnical of readers, the regulation seemingly describes a reasonably accurate way of determining mesh size either before or after fish-

---

**2.** *Cf. Nelson v. State*, 387 P.2d 933, 935 (Alaska 1964) (regulation forbidding shooting of bear under two years of age did not violate due process even though "it is impossible for a hunter who sees a wild bear to ascertain its precise age"; the "informed hunter" must correctly "estimate that the bear is more than two years old" before lawfully shooting it).

ing. The regulation's reference to measurement of a net that is wet "after use," would have significance only if there was evidence to indicate that the mesh size of a wet net might vary depending on the cause of its wetness—that is, depending on whether it was made wet through actual use in fishing or through some other means, before fishing. The record contains no such evidence.

To determine his net's mesh size, Lawler chose to rely on a measurement performed on a dry net that was stretched by hand instead of being "suspended vertically from a single peg or nail, under five-pound weight." 5 AAC 39.975(11). The trooper who performed the pre-fishing measurement for Lawler expressly warned Lawler that it was informal and that an accurate measurement could be obtained only by following the method prescribed by the regulation defining "stretched measure." Lawler failed to demonstrate below, and he has failed to explain on appeal, why he could not have wet his net by means other than fishing it, and then proceeded with the exact method of measurement specified in the challenged regulation. Nothing in the record suggests that Lawler would have obtained a misleading or inaccurate result had he done so.

■ As the proponent of a motion to dismiss for vagueness, Lawler bore the burden of proving his claim. *State v. Martushev*, 846 P.2d at 149. To meet this burden, Lawler was required "to prove [that] information concerning the law [in this case, whether his net was undersized] was not made reasonably available, that he made reasonable efforts to act lawfully and that he subjectively did not know that his conduct was criminal and believed that there was 'no risk of criminality.'" *Id.* at 149 (quoting *Shetters v. State*, 832 P.2d 181, 183 (Alaska App.1992)).

Lawler has failed to meet his burden of proving that the challenged regulation's definition failed to make an accurate form of measurement "reasonably available" to him or "that he made reasonable efforts to act lawfully." *State v. Martushev*, 846 P.2d at 149. Accordingly, the district court erred in dismissing Lawler's case based on the purported vagueness of the charge.

The order of dismissal is REVERSED.