NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| RONALD PHILLIP ALLEVA, | Court of Appeals No. A-13441 |
| Appellant, | Trial Court No. 3AN-18-08880 CR |
| v. | |
| STATE OF ALASKA, | O P I N I O N |
| Appellee. | |
| GRUBSTAKE AUCTION CO., INC., | Court of Appeals No. A-13442 |
| Appellant, | Trial Court No. 3AN-18-09026 CR |
| v. | |
| STATE OF ALASKA, | |
| Appellee. | No. 2687 — December 31, 2020 |

Appeal from the District Court, Third Judicial District, Anchorage, Leslie Dickson, Judge.

Appearances: Paul J. Nangle, Paul J. Nangle & Associates, Anchorage, for the Appellant. Sophie A. Stratton, Assistant Attorney General, Office of Special Prosecutions, Anchorage, and Kevin G. Clarkson, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON.

On June 6, 2018, Ronald Phillip Alleva, the owner of Grubstake Auction Co., Inc., directed Grubstake employees to apply a chemical agent, Zappit 73, along a public right of way in Anchorage. For this conduct, a jury convicted Alleva and Grubstake of reckless endangerment and pollution of land, air, or water.[1] The jury also convicted Alleva and Grubstake of two crimes relating to the use of pesticides (unauthorized pesticide distribution and misuse of a pesticide[2]).

On appeal, Alleva and Grubstake contend that the term "pesticide" is unconstitutionally vague as used in the provisions of law defining the latter two offenses, and that the trial court erred in failing to dismiss these charges prior to trial. Alleva and Grubstake also argue that the trial court erred in allowing the State to introduce evidence that both the state and the federal government categorize Zappit 73 as a pesticide.

For the reasons explained in this opinion, we conclude that the statutory definition of pesticide is not unconstitutionally vague. We also conclude that the trial court did not abuse its discretion in admitting evidence that Zappit 73 is a state and federally regulated pesticide. We thus affirm the judgment of the district court.

*Factual and procedural background*

The charges in this case arose after Alleva instructed several Grubstake employees to spread Zappit 73 along a public right of way on Karluk Street in Anchorage. Several people, including unhoused individuals living nearby and volunteers

---

[1]   AS 11.41.250 and AS 46.03.710, respectively.

[2]   AS 46.03.730 and 18 Alaska Administrative Code (AAC) 90.020(5), respectively.

serving them, subsequently observed a strong odor of chlorine or bleach in the area and experienced eye and lung irritation.

According to Alleva, he had tasked his employees with picking up trash along the public right of way and then applying Zappit 73 to the area as a disinfectant. The label on his containers of Zappit 73 characterized the chemical as a "pesticide," "bactericide," and "algaecide," and warned that Zappit 73 was highly corrosive, could cause irreversible eye damage and skin burns, was toxic to fish and aquatic organisms, and if combined with organic matter or certain other substances, could produce hazardous gases. The Anchorage Fire Department ultimately removed 1,403 pounds of soil from the Karluk Street area that had been contaminated by Zappit 73.

Prior to trial, Alleva and Grubstake filed a motion to dismiss the charges of pesticide pollution and misuse of a pesticide, arguing that the definition of "pesticide" was unconstitutionally vague. They also filed a motion in limine to exclude evidence that Zappit 73 was a state and federally regulated pesticide. The trial court denied both motions.

This appeal followed.

*The statutory definition of pesticide is not unconstitutionally vague*

Alaska Statute 46.03.730 prohibits the spraying or application of certain chemicals and pesticides "in a manner that may cause damage to or endanger the health, welfare, or property of another person, or in a manner that is likely to pollute the air, soil, or water of the state," without prior authorization from the Alaska Department of Environmental Conservation.[3] Additionally, 18 AAC 90.020(5) prohibits the use of a pesticide "in a manner that is inconsistent with labeling instructions." For purposes of

---

[3] AS 46.03.730; *see also* AS 46.03.900(6).

both provisions, the term "pesticide" is defined as "any chemical or biological agent intended for preventing, destroying, repelling, or mitigating plant or animal life and any substance intended for use as a plant regulator, defoliant or desiccant, including but not limited to insecticides, fungicides, rodenticides, herbicides, nematocides, and biocides."[4]

Alleva and Grubstake contend that the definition of pesticide is so vague that it deprives them of due process because what constitutes a pesticide is contingent upon "the subjective intention of some unknown and undefined person." Specifically, Alleva and Grubstake point to the portion of the definition that refers to "any chemical or biological agent *intended for* preventing, destroying, repelling, or mitigating plant or animal life and any substance *intended for* use as a plant regulator, defoliant or desiccant, including but not limited to insecticides, fungicides, rodenticides, herbicides, nematocides, and biocides."[5] According to Alleva and Grubstake, this language incorporates a subjective intent element so ambiguous that it fails to put a reasonable person on notice of what constitutes a pesticide because the statute does not identify "who holds the intention" — *e.g.*, the corporate manufacturer of Zappit 73, each individual user of the product, or some other person or entity.

A criminal statute or ordinance is unconstitutional when it is "so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to

---

[4] AS 46.03.900(19); *see also* 18 AAC 90.990(37) (providing substantively the same definition); *cf.* 18 AAC 90.990(36) (defining pest to include "any insect, rodent, nematode, fungus, weed, and other forms of terrestrial or aquatic plant or animal life, bacterium, virus, or other microorganism, except a virus, bacterium, or other microorganism on or in a living human or other animal"); *Biocide*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/biocide (last visited Nov. 30, 2020) (defining a biocide as "a substance (such as an algicide or fungicide) that destroys or inhibits the growth or activity of living organisms").

[5] AS 46.03.900(19) (emphasis added).

its application."[6] Alaska recognizes that "the possibility of difficult or borderline cases will not invalidate a statute where there is a hard core of cases to which the ordinary person would doubtlessly know the statute unquestionably applies."[7] In such cases, a defendant may not "complain of lack of adequate notice, and [a] void-for-vagueness contention will succeed only if the statute is otherwise so nebulous that it must be stricken on its face."[8] Alleva and Grubstake have the burden of proving their claim that the statutory definition of pesticide is void for vagueness.[9]

We note that the phrase "intended for" is common parlance in Alaska statutes, including statutes governing criminal offenses.[10] One such example is found in AS 11.71.900(10), which defines the term "drug," in relevant part, as "a substance *intended for* use in the diagnosis, cure, mitigation, treatment, or prevention of disease in humans or animals."[11] The Alaska Supreme Court examined this definition, and specifically the intent requirement, in *Ross Laboratories v. Thies*.[12] In determining whether this definition of "drug" applied to an undiluted glucose solution, the supreme court relied on evidence of the manufacturer's intent — an approach, the supreme court

---

[6]   *State v. Lawler*, 919 P.2d 1364, 1365-66 (Alaska App.1996) (quoting *F/V Am. Eagle v. State*, 620 P.2d 657, 665 (Alaska 1980)) (applying de novo review to a question of statutory interpretation).

[7]   *Stock v. State*, 526 P.2d 3, 9 (Alaska 1974).

[8]   *Id.* at 10.

[9]   *Lawler*, 919 P.2d at 1367 (citation omitted).

[10]   *See, e.g.*, AS 04.16.110; AS 11.46.990(7); AS 11.71.900(10); AS 11.81.900(b)(23)(A) and (24).

[11]   AS 11.71.900(10) (emphasis added).

[12]   *Ross Labs. v. Thies*, 725 P.2d 1076, 1080-81 (Alaska 1986).

noted, that federal courts applied when interpreting an analogous federal statute.[13] Based on both an entry in the Physician's Desk Reference — an entry based on "information made available by manufacturers" — as well as the internal manufacturer's training manual, the supreme court concluded that the glucose solution was a drug within the meaning of the statute.[14]

We follow the same approach with regard to the definition of pesticide in AS 46.03.900(19). The statutory phrase "intended for" refers to the manufacturer's stated intent, rather than the subjective intent of individual users or the speculative intent of some unknown and unknowable third party.

In Alleva and Grubstake's case, numerous photographs submitted at trial established the manufacturer's intent, manifested in the warning labels attached to the particular buckets of Zappit 73 that Alleva directed his employees to spread on Karluk Street — labels that characterized Zappit 73 as a "pesticide," "bactericide," and "algaecide" toxic to fish and aquatic organisms, with the potential to produce hazardous gases if applied to organic matter.

In light of these warning labels, an ordinary person would doubtlessly know that Zappit 73 meets the statutory definition of pesticide under Alaska law.[15] We thus conclude that the statutory definition of pesticide is not unconstitutionally vague.

---

[13] *Id.* (citing *United States v. 250 Jars of U.S. Fancy Pure Honey*, 218 F.Supp. 208, 211 (E.D. Mich. 1963), *aff'd*, 344 F.2d 288 (6th Cir. 1965)).

[14] *Id.* at 1080.

[15] *See Stock v. State*, 526 P.2d 3, 9 (Alaska 1974).

*The trial court did not err in allowing the State to present evidence that Zappit 73 is a registered pesticide under state and federal law*

Alleva and Grubstake also argue that the trial court erred in denying their motion in limine to exclude evidence that Zappit 73 was a registered pesticide under state and federal law. According to Alleva and Grubstake, this evidence was so prejudicial that it tainted the jury's verdict on all four charges, even the two offenses that did not rely on the statutory definition of pesticide.

In ruling on the motion in limine prior to trial, the trial court noted that evidence that Zappit 73 was a state and federally regulated pesticide was seemingly relevant to the charges against Alleva and Grubstake. But the trial court did not make a definitive ruling. Instead, the court denied the motion in limine without prejudice and invited Alleva and Grubstake to renew their objection at trial when the court could assess the admissibility of the evidence in the context of the other evidence presented as well as the parties' respective theories of the case, rather than in a pretrial evidentiary "vacuum." At trial, however, when the State presented testimony that Zappit 73 was a state and federally regulated pesticide, Alleva and Grubstake chose not to renew their objection, and never asked the trial court to revisit its ruling on the motion in limine.

Under these circumstances, we conclude that the trial court did not err in allowing the State to present evidence that Zappit 73 is a registered pesticide under state and federal law. As the trial court found, this testimony was relevant circumstantial evidence that Zappit 73 met the definition of pesticide under AS 46.03.900(19). Moreover, in order to find Alleva and Grubstake guilty of pesticide pollution, the State had to establish beyond a reasonable doubt that Alleva and Grubstake acted with criminal negligence and without prior authorization of the Alaska Department of

Environmental Conservation.[16]  The trial court could reasonably find that evidence of state and federal regulation of Zappit 73 provided relevant context to why its use would require prior authorization and whether Alleva and Grubstake acted with criminal negligence in spreading Zappit 73 on a public right of way.

Accordingly, we conclude that the trial court did not abuse its discretion in admitting this evidence.

*Conclusion*

The judgment of the district court is AFFIRMED.

_____

[16]  AS 46.03.730; AS 46.03.790(a)(1).