David BROCKWAY, Appellant,

v.

STATE of Alaska, Appellee.

No. A–7786.

Court of Appeals of Alaska.

Dec. 21, 2001.

Eugene B. Cyrus, Law Offices of Eugene B. Cyrus, P.C., Eagle River, for Appellant.

Roman J. Kalytiak, District Attorney, Palmer, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

STEWART, Judge.

David Brockway pleaded no contest to third-degree weapons misconduct (felon in possession of a concealable firearm).[1] Because Brockway had two felony convictions from 1996, he faced a 2 year presumptive term for his current offense.[2]

In anticipation of his sentencing, Brockway asked the superior court to disregard the 1996 convictions and treat him as a first felony offender. Brockway claimed that the superior court had failed to fully comply with Alaska Criminal Rule 11(c) when the court accepted Brockway's pleas to the 1996 charges, and thus his prior convictions were flawed.

Superior Court Judge Eric Smith expressed doubt whether Brockway was entitled to collaterally attack his 1996 convictions in the current sentencing proceedings, but he nevertheless addressed the merits of Brockway's arguments and rejected them.

In this appeal, Brockway again claims that his 1996 convictions should not be counted for sentencing purposes; he renews his argument that his 1996 pleas were invalid. We conclude, however, that Brockway had no right to collaterally attack his 1996 convictions during the sentencing proceedings for his current conviction. For this reason, Judge Smith properly sentenced Brockway as a second felony offender, subject to a 2 year presumptive term.

Brockway also claims that the superior court erred by rejecting his proposed statutory mitigating factor. We affirm the superior court because the court's findings were not clearly erroneous.

Finally, Brockway claims his composite sentence was excessive. But the superior court imposed a term to serve that was less than the agreed maximum term under the plea agreement. Therefore, we have no jurisdiction to consider this claim. Accordingly, we affirm Brockway's conviction and refer the case to the supreme court for consideration of Brockway's excessive sentence claim.

### Facts and proceedings

On August 29, 1999, Brockway drove an all-terrain vehicle on the Parks Highway in Wasilla. Officer Robert Dixon contacted Brockway when Brockway stopped at a restaurant. Officer Dixon observed that Brockway appeared to be intoxicated and had a large bulge under his coat that turned out to be a loaded .44 magnum revolver in a shoulder holster. Brockway also had a can of beer in one of his coat pockets. After his arrest, Brockway provided a breath sample with a .234% breath alcohol level. The State charged Brockway with third-degree and fourth-degree misconduct involving weapons,[3] felony driving while intoxicated,[4] and driving while license revoked.[5]

Brockway was subject to presumptive sentencing because, in June of 1996, he was convicted of two counts of third-degree assault[6] after he pleaded no contest to those charges. In that case, Brockway assaulted two individuals with his motor vehicle by placing them in fear of imminent serious physical injury. The charges arose from an event early on New Years Day in 1996 when Brockway drove his vehicle into the yard of one of the victims and eventually high-centered the vehicle on a flag pole. Brockway's breath alcohol content was .225%. Brockway was represented by an attorney and entered his no contest plea before Superior Court Judge Milton M. Souter. Brockway was on probation in that case (and the State filed a petition to revoke his probation) when he was charged with the August 1999 criminal case.

---

1. AS 11.61.200(a)(1).

2. Brockway was a second felony offender (rather than a third felony offender) because his two 1996 convictions arose from a single incident and because he received concurrent sentences for these two offenses. *See* AS 12.55.145(a)(1)(C).

3. AS 11.61.210(a)(1).

4. AS 28.35.030(a), (n).

5. AS 28.15.291(a)(1).

6. AS 11.41.220(a)(1)(A).

As we noted above, the parties reached a plea agreement that called for Brockway to plead no contest to third-degree misconduct involving weapons and a new charge of reckless driving[7] and to admit the probation violation. All the other charges would be dismissed, and the parties agreed to a three-year maximum sentence to serve. The court accepted the plea and set the case for sentencing.

Brockway then filed his motion to "preclude use of prior conviction for sentence enhancement" on the felon-in-possession charge even though Brockway's felony conviction was an element of the felon-in-possession charge. Brockway filed nothing in the 1996 third-degree assault case and did not file an application for post-conviction relief attacking that conviction.[8]

Brockway's motion claimed several deficiencies in the 1996 case: the trial court in the 1996 case did not comply with Criminal Rule 11 because it did not advise Brockway of the potential maximum license revocation period; the court did not advise Brockway of the potential for substance abuse treatment; there was no mention of the minimum sentence possible; there was no mention of the *Austin* rule;[9] the court did not assure itself that Brockway understood the applicable culpable mental state of "recklessly;" and the trial court erred in not asking him if he agreed with the State's factual basis for his plea.

From these claims, Brockway argued three legal points: (1) his plea was unknowing and unintelligent, (2) he did not understand the charge, and (3) the trial judge did not substantially comply with Criminal Rule 11. As part of his argument that he entered an unknowing and unintelligent plea, Brockway

included one line in which he asserted, "Moreover, it must also be questioned whether Brockway received effective assistance of counsel." Brockway himself filed no affidavit or any affidavit from his 1996 trial counsel.

Judge Smith expressed doubt whether Brockway could collaterally attack his prior convictions in his 1996 case by motion in the new case. Even so, Judge Smith reviewed the transcript of Brockway's change of plea and ruled that Judge Souter complied with Rule 11. Thus, Judge Smith denied the substance of Brockway's motion on its merits.

Next, Brockway claimed that his conduct for the third-degree misconduct involving weapons charge was among the least serious within the definition of the offense.[10] Judge Smith ruled that Brockway's possession of a loaded .44 magnum pistol when he was "roaring drunk" was not among the least serious conduct within the definition of the offense.

Judge Smith sentenced Brockway to serve a presumptive 2 year term for misconduct involving weapons and a consecutive 60 days for reckless driving. He also revoked six months that were suspended in his 1996 assault convictions and imposed those months consecutively. Thus, Brockway received a composite 32 month term to serve.

*Discussion*

The primary issue presented in this appeal is whether Brockway could collaterally attack his 1996 felony convictions as part of the sentencing proceedings in the present case. The great weight of authority holds that such a collateral attack is not permitted. If a defendant wishes to collaterally attack prior convictions, the defendant must pursue a petition for post-conviction relief.[11] Such

**7.** AS 28.35.040(a).

**8.** Brockway asserts that he filed an application for post-conviction relief in the 1996 case, but a review of the record shows that he filed a *pro se* request for a sentence appeal and later a request for appointed counsel. The court clerk apparently believed Brockway might be pursuing post-conviction relief, but Brockway did not file any of the court supplied forms.

**9.** See *Austin v. State,* 627 P.2d 657, 657–58 (Alaska App.1981) (in the absence of statutory aggra-

vating factors defined in AS 12.55.155(c) or extraordinary circumstances defined in AS 12.55.165(a), a first offender should receive a more favorable sentence than the presumptive term for a second offender.)

**10.** AS 12.55.155(d)(9).

**11.** See *Custis v. United States,* 511 U.S. 485, 490–97, 114 S.Ct. 1732, 1735–39, 128 L.Ed.2d 517 (1994); *Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 1582–85, 149 L.Ed.2d 590 (2001); *Garcia v. Superior Court,* 14 Cal.4th 953,

an attack cannot be raised at or before sentencing in another criminal case.

■ The only recognized exception to this rule is that a defendant can attack a prior conviction if the defendant was completely denied the right to counsel in the prior proceeding—either because the defendant asked for counsel and was denied one or (more likely) because the defendant proceeded without counsel and the trial judge did not obtain a knowing waiver of the right to counsel. All courts allow this kind of collateral attack because, as we recognized in *Flanigan v. State*,[12] when a defendant is completely deprived of the right to counsel, it is equivalent to a lack of jurisdiction.[13] However, this exception is strictly construed—it does not apply to instances where the defendant had counsel but now claims that his attorney was ineffective.[14]

■ We now adopt the majority view and hold that Brockway had no right to collaterally attack his 1996 convictions in the current proceedings. This does not necessarily foreclose all relief. Subject to the limitations codified in AS 12.72.020(a), Brockway may be entitled to attack his 1996 convictions by filing a petition for post-conviction relief. And, if Brockway is successful, he may be entitled to resentencing in the present case.[15] But because Brockway did not claim that he was completely deprived of counsel, he had no right to attack his 1996 convictions in the present case.

■ Alternatively, even assuming that Judge Smith was obliged to hear and adjudicate Brockway's attacks on his 1996 convictions, we conclude that the record supports Judge Smith's ruling that the superior court substantially complied with Criminal Rule 11(c) and that Brockway's pleas were valid.

■ Next, we address Brockway's argument that Judge Smith erroneously rejected the proposed statutory mitigating factor that Brockway's conduct was among the least serious within the definition of third-degree misconduct involving weapons.[16] Judge Smith found that Brockway had been intoxicated and that the .44 magnum concealed under his clothing was loaded. From our review of the record, we conclude that Judge Smith's findings regarding his rejection of the proposed mitigating factor were not clearly erroneous.[17]

■ Finally, Brockway contends the 32 month composite term imposed by Judge Smith is excessive. But the plea agreement specified that the superior court could not impose more than a three-year term to serve, and Judge Smith imposed a composite term less than that maximum. Alaska Statute 12.55.120(a) provides that a defendant may not appeal a sentence that was imposed "in accordance with a plea agreement ... and that agreement provided for imposition of a specific sentence or a sentence equal to or less than a specified maximum sentence." Accordingly, we do not have jurisdiction to

59 Cal.Rptr.2d 858, 928 P.2d 572, 577–79 (1997); *State v. Warren,* 135 Idaho 836, 25 P.3d 859, 863–64 (2001); *People v. Ingram,* 439 Mich. 288, 484 N.W.2d 241, 243–45 (1992); *State v. Louthan,* 257 Neb. 174, 595 N.W.2d 917, 924–26 (1999); *State v. McClintock,* 732 S.W.2d 268, 271–72 (Tenn.1987); *State v. Duke,* 59 S.W.3d 789, 791–92 (Tex.App.2001); *State v. Hahn,* 238 Wis.2d 889, 618 N.W.2d 528, 529–30 (2000). *But see Nash v. State,* 271 Ga. 281, 519 S.E.2d 893, 895–96 (1999); *State v. Carlos,* 738 So.2d 556, 558–59 (La.1999).

**12.** 3 P.3d 372, 376 (Alaska App.2000).

**13.** *See Flanigan,* 3 P.3d at 376; *see also Johnson v. Zerbst,* 304 U.S. 458, 467–68, 58 S.Ct. 1019, 1024–25, 82 L.Ed. 1461 (1938).

**14.** *See Custis,* 511 U.S. at 486–96, 114 S.Ct. at 1738–39, 128 L.Ed.2d 517; *Daniels,* 532 U.S. at

——, 121 S.Ct. at 1583, 149 L.Ed.2d 590; *Garcia,* 59 Cal.Rptr.2d 858, 928 P.2d at 577; *Warren,* 25 P.3d at 863; *Ingram,* 484 N.W.2d at 243–45; *Louthan,* 595 N.W.2d at 924–26; *Duke,* 59 S.W.3d at 791–92 (Tex.App.2001); *Hahn,* 618 N.W.2d at 529–30.

**15.** *See Wright v. State,* 656 P.2d 1226, 1229 (Alaska App.1983) (indicating, in analogous circumstances, that a defendant would be entitled to resentencing if his pending appeal of a prior conviction proved successful).

**16.** AS 12.55.155(d)(9).

**17.** *See Lepley v. State,* 807 P.2d 1095, 1099 n. 1 (Alaska App.1991) (a sentencing judge's decisions on the existence of proposed aggravating or mitigating factors are to be affirmed unless they are clearly erroneous).

consider Brockway's excessive sentence claim.[18] Therefore, we refer that claim to the supreme court under Alaska Appellate Rule 215(k).

*Conclusion*

Brockway's excessive sentence claim is referred to the supreme court. In all other respects, the judgment of the superior court is AFFIRMED.

---

18. AS 22.07.020(b).