Daniel R. BRODIGAN, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8597.

Court of Appeals of Alaska.

July 30, 2004.

Carmen E. Clark, Law Offices of Pamela Dale, Anchorage, for the Appellant.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Daniel R. Brodigan was convicted of misdemeanor driving while intoxicated in 2003.[1]

---

**1.** AS 28.35.030(a).

Because Brodigan had six prior convictions for this offense, he faced a mandatory minimum sentence of 360 days' imprisonment under AS 28.35.030(b)(1)(F). But Brodigan argued that five of his prior convictions were constitutionally invalid and that, for this reason, these five convictions should not be counted when determining his mandatory minimum sentence.

The district court held that, whatever the potential flaws in Brodigan's prior convictions, Brodigan had no right to attack those prior convictions in connection with his sentencing for his current offense. *See Brockway v. State*, 37 P.3d 427, 429–430 (Alaska App.2001) (holding that a defendant generally has no right to collaterally attack prior convictions at the sentencing hearing for a new crime, even if the defendant's sentence for the new crime is being enhanced on account of those prior convictions). Brodigan now appeals the district court's ruling.

For the reasons explained here, we conclude that Brodigan failed to present any reason to doubt the constitutional validity of his prior convictions. Thus, regardless of whether Brodigan would have been entitled to attack his prior convictions if he *had* presented some evidence that these convictions were constitutionally invalid, the district court in this case could properly refuse to hear Brodigan's claims.

*Brodigan's argument*

■ Brodigan argues that his DWI convictions from 1974 through 1980 are invalid because those prosecutions were brought under an unconstitutional statute. Relying on the Alaska Supreme Court's decision in *Crutchfield v. State*, 627 P.2d 196 (Alaska 1980), Brodigan asserts that the version of the Alaska DWI statute that was in effect between 1974 and 1980 was unconstitutionally vague, at least in part. Brodigan further asserts that, because the written judgements in his five prior cases do not affirmatively specify that those prosecutions were *not* pursued under the unconstitutionally vague provision of the DWI law, we must now conclusively presume that those five prior convictions were premised on the unconstitutional part of the law.

To explain why we reject Brodigan's arguments, we must first examine the supreme court's decision in *Crutchfield*.

*The Alaska Supreme Court's decision in Crutchfield*

In *Crutchfield*, our supreme court held that one clause of an administrative regulation implementing Alaska's DWI statute was unconstitutionally vague.

At the time that *Crutchfield* was litigated, Alaska's DWI statute forbade a person from operating a motor vehicle if they were "under the influence of intoxicating liquor, [or] depressant, hallucinogenic or stimulant drugs or narcotic drugs as defined in AS 17.10.230(13) and AS 17.12.150(3)".[2] The defendant in *Crutchfield* was prosecuted for operating a motor vehicle under the combined influence of alcohol and one of the depressant, hallucinogenic, or stimulant drugs codified in AS 17.12.150(3).

The first three paragraphs of AS 17.12.150(3) listed specific substances and chemicals that were declared to fall within the category of "depressant, hallucinogenic or stimulant" drugs. But the fourth paragraph of the statute, AS 17.12.150(3)(D), authorized the commissioner of health and social services to enact regulations expanding this category of regulated substances if the commissioner found that additional substances had a potential for abuse because of their depressant, stimulant, or hallucinogenic effect.

Exercising this authority, the commissioner enacted 7 AAC 32.010(b), a regulation that expanded the category of depressant, hallucinogenic, or stimulant drugs. Under this regulation, the list of controlled substances was declared to include "any combination of depressant, stimulant, or hallucinogenic drugs, *not listed by name or trade name in this chapter* [*i.e.,* 7 AAC 32] *that is of a composition substantially similar to any of the drugs or substances listed in this chapter.*"[3] (Emphasis added)

---

2. The complete text of former AS 28.35.030(a) is found in *Crutchfield,* 627 P.2d at 197 n. 1.

3. Quoted in *Crutchfield,* 627 P.2d at 198.

The defendant in *Crutchfield* was prosecuted based on evidence that he had consumed alcoholic beverages and had ingested the drug tranxene—a drug that had been prescribed for him by his physician.[4] Tranxene was nowhere listed as a regulated substance in the statutes or the regulations, but the State presented expert testimony at Crutchfield's trial that tranxene was of a substantially similar composition to valium—a drug that was specifically listed.[5] The State therefore contended, based on the "substantially similar composition" language of 7 AAC 32.010(b), that it was illegal for a person to operate a motor vehicle while under the influence of tranxene (either alone or in combination with alcohol).

The supreme court held that the phrase "of a composition substantially similar to any of the drugs or substances listed in this chapter" was unconstitutionally vague because it failed to give people reasonable notice of what substances were regulated or prohibited:

> [M]ost people are not familiar with scientific technology and molecular chemistry. . . . The drug tranxene was given to Crutchfield by his physician. He had no notice that [tranxene] was a drug whose use while driving was prohibited under AS 28.35.030. Moreover, he had no way of discovering the prohibited character of the drug until [he heard the] expert testimony at [his] trial indicat[ing] that it had a composition similar to valium, a drug specifically prohibited by regulation. Under these circumstances, it appears that Crutchfield could not reasonably understand that his contemplated conduct [*i.e.*, operating a motor vehicle after ingesting tranxene] was prohibited.

*Crutchfield*, 627 P.2d at 200.

The supreme court therefore held that the challenged regulation, 7 AAC 32.010(b), was unconstitutionally vague.[6] And because the regulation was unconstitutional, the court declared that "Crutchfield's conviction, *to the extent that it [was] based on [that] regulation*", was unlawful.[7] (Emphasis added)

Because Crutchfield's jury returned a single verdict finding him guilty of driving "under the influence of alcohol and/or stimulant, depressant or hallucinogenic drugs", the supreme court was unable to determine whether the jury's decision was based on a finding that Crutchfield was impaired by the ingestion of alcohol, or by the ingestion of tranxene, or both. The court therefore reversed Crutchfield's conviction—but the court allowed the government to retry Crutchfield on the theory that Crutchfield was impaired by his consumption of alcoholic beverages alone.[8]

### Brodigan's argument concerning the meaning of Crutchfield

As just explained, *Crutchfield* holds that a defendant can not fairly be expected to know what chemical substances are "substantially similar" to the controlled substances expressly listed in the pertinent statutes and regulations—and thus, a regulatory clause that purported to include all substantially similar substances was unconstitutionally vague.

The supreme court reversed Crutchfield's conviction because the court could not determine whether the jury thought that Crutchfield's ability to operate a motor vehicle was impaired by the consumption of alcohol, or the ingestion of tranxene (a non-listed substance), or both. But the supreme court did not invalidate the DWI statute as a whole; the court only invalidated prosecutions brought under the offending clause of the regulation. This is obvious from the supreme court's disposition of Crutchfield's case: the court remanded the case to the district court for a new trial based on the State's alternative theory of impairment (impairment based solely on alcohol consumption).

Examination of the reported case law suggests that prosecutions under the offending regulatory clause were quite rare. We are

4. *Crutchfield*, 627 P.2d at 197, 200.

5. *Id.* at 198.

6. *Id.* at 201.

7. *Id.* at 199.

8. *Id.* at 201.

aware of no other case in which a DWI defendant was charged with impairment arising from ingestion of a non-listed controlled substance.

Indeed, when we examine the written complaints that initiated Brodigan's five challenged DWI prosecutions, we see that all five complaints alleged that Brodigan drove "while under the influence of intoxicating liquor". Brodigan presented no evidence to the district court suggesting that he was ever prosecuted for DWI based on an impairment allegedly arising from his ingestion of a non-listed controlled substance. In other words, Brodigan has presented nothing to suggest that the supreme court's holding in *Crutchfield* undermines the validity of any of his prior convictions.

Nevertheless, Brodigan argues that we must conclusively presume that all five of his prior convictions are invalid under *Crutchfield*—that he was prosecuted each time for an impairment that stemmed from ingestion of a non-listed substance. Brodigan points out that the five written judgements merely state that he was convicted of violating AS 28.35.030, without specifying the theory of prosecution. Brodigan argues that, because these judgements fail to expressly disclaim any reliance on the "non-listed but similar substance" theory that was struck down in *Crutchfield,* we must conclusively presume that all five of these prior prosecutions were pursued under this invalid theory.

We use the phrase "conclusively presume" to describe Brodigan's argument because Brodigan asserts that a sentencing judge can consider nothing other than the judgement itself when the judge tries to determine the basis of a prior conviction. Thus, even though all of the complaints in Brodigan's prior cases specify "intoxicating liquor" and make no mention of controlled substances (listed or otherwise), Brodigan insists that we must ignore these documents (and any other available information about those five cases), and that we must focus instead solely on the generic citation to the statute (AS 28.35.030) contained in the written judgements.

Brodigan's suggested rule makes little sense and would lead to unfair results. The supreme court's decision in *Crutchfield* affected only a very small number of DWI prosecutions—those in which the government relied on the theory that the defendant was impaired from ingesting an unlisted controlled substance. The ruling left the great majority of DWI convictions intact. Yet Brodigan would have us declare, as a matter of law, that most (if not all) DWI convictions entered before *Crutchfield* are constitutionally invalid because the judges who issued those judgements did not think to address an issue (impairment arising from ingestion of an unlisted substance) that was not presented in their case.

Brodigan argues that his approach to this problem is required by prior decisions of this Court—decisions in which we held that, when a court assesses whether a defendant's prior conviction should be deemed a prior felony conviction for purposes of Alaska's presumptive sentencing laws (*see* AS 12.55.145(a)(1)(B)), or whether a defendant's prior conviction for DWI or breath-test refusal should be deemed a prior conviction for purposes of sentence enhancement in a DWI or breath-test refusal prosecution (*see* AS 28.35.030(r)(4) and AS 28.35.032(t)(2)), the sentencing court should not conduct an inquiry into the particular facts of the prior case but should instead simply examine the elements of the prior offense to see whether those elements are sufficiently similar to the elements of a pertinent crime defined by Alaska law.[9]

But in these prior decisions, we were applying the tests specified by the legislature in AS 12.55.145(a)(1)(B) and AS 28.35.030(r)(4)—tests that explicitly hinge on the statutory definition of an offense rather than on the specific facts of a particular defendant's prior case. Application of *Crutchfield* demands a different, fact-specific test. As we explained above, the supreme court did not strike down Alaska's DWI law in *Crutchfield.* Rather, the supreme court declared that that law could not constitution-

**9.** *See, e.g., Burnette v. Anchorage,* 823 P.2d 10, 12 (Alaska App.1991); *Walsh v. State,* 677 P.2d 912, 915–16 (Alaska App.1984).

ally be applied to a defendant whose impairment arose from ingestion of a non-listed substance. Thus, to determine whether *Crutchfield* undermines the validity of a DWI conviction, one must know and evaluate the facts of that particular case.

Brodigan presumably knows the facts of his prior cases, and knows whether the supreme court's ruling in *Crutchfield* potentially applies to those prior cases. But Brodigan has never asserted that he himself was prosecuted for ingestion of a non-listed substance. Rather, he asks us to *presume*, as a matter of law, that his five prior convictions are all invalid under *Crutchfield*—and he asks us to prohibit the State from presenting any information about those five prior cases, thus foreclosing the sentencing court from finding out whether the *Crutchfield* decision had any relevance at all to those prior DWI prosecutions.

▆▆▆ Brodigan's argument ignores the presumption of regularity that attaches to a final judgement. As we explained in *Jerrel v. State*, 851 P.2d 1365 (Alaska App.1993), if a court has subject-matter jurisdiction over a criminal prosecution and personal jurisdiction over the defendant, "every act [of the court] is presumed to have been rightly done until the contrary appears".[10] Here, Brodigan is challenging the validity of criminal judgements that were entered between 24 and 30 years ago. Because of society's interest in the finality of judgements, the law presumes the validity of the judgements and imposes the burden on the party raising the challenge.

In analogous circumstances, when defendants have collaterally challenged their convictions, our supreme court has placed the burden on those defendants to produce evidence tending to prove the invalidity of their convictions. See *Department of Public Safety v. Fann*, 864 P.2d 533 (Alaska 1993), a driver's license revocation case where the defendant attacked the validity of a prior conviction that was being used to enhance the term of his driver's license revocation. The supreme court held that the defendant had the burden, not just of producing some evidence that the prior conviction was constitutionally flawed, but of proving that flaw by a preponderance of the evidence.[11]

Moreover, Brodigan's position has little to recommend it from the perspective of the fair administration of justice. If the supreme court's decision in *Crutchfield* has no application to the facts of Brodigan's prior DWI prosecutions, then it is neither unfair nor improper to allow the sentencing court to count those prior convictions when the court evaluates Brodigan's mandatory minimum sentence under AS 28.35.030(b). Nor is it unfair to require Brodigan to affirmatively present some good reason to believe that the *Crutchfield* decision is relevant to his prior convictions.

For these reasons, we reject Brodigan's contention that his five prior convictions must all be conclusively presumed to rest on an unconstitutional basis. Rather, even assuming for purposes of argument that Brodigan would have the right to attack his prior DWI convictions if he could establish a constitutional flaw in those convictions, we hold that it was Brodigan's burden to present some evidence that his prior convictions were constitutionally flawed.

(We are using the term "some evidence" in the technical sense of "evidence which, when viewed in the light most favorable to the defendant, is sufficient to support a finding in the defendant's favor ... on each element of the [defendant's claim]".[12] We do not reach the further question of whether, had Brodigan presented some evidence that his prior convictions were constitutionally invalid, he would bear the ultimate burden of proof on this issue.)

Brodigan failed to meet this burden of production. Brodigan relied on the supreme

---

**10.** *Jerrel*, 851 P.2d at 1372, quoting *United States v. Manthei's Bondsmen*, 2 Alaska 459, 466 (D.Alaska 1905), and citing *Wright v. State*, 501 P.2d 1360, 1372 (Alaska 1972); *Houston–Hult v. State*, 843 P.2d 1262, 1266 (Alaska App.1992).

**11.** *Fann*, 864 P.2d at 538.

**12.** *Compare Hamilton v. State*, 59 P.3d 760, 770 (Alaska App.2002), using this same test to evaluate whether a defendant is entitled to a jury instruction on a proposed defense.

court's decision in *Crutchfield,* but he did not present any evidence that *Crutchfield* casts doubt on the validity of his prior DWI convictions—*i.e.,* no evidence that he was prosecuted under the invalid "substantially similar composition" clause of the regulation. We therefore hold that the district court could rely on Brodigan's prior convictions when assessing Brodigan's mandatory minimum sentence.

*Conclusion*

The judgement of the district court is AFFIRMED.